# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-24249-Civ-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

      Plaintiff,

v.

REAL PROPERTY LOCATED AT
18555 COLLINS AVENUE, UNIT 2205
SUNNY ISLES BEACH, FLORIDA 33160 *et al.*,

      Defendants.
_____/

## REPORT AND RECOMMENDATION ON THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT AND AN ORDER OF FORFEITURE

This matter is before the Court on the United States of America's (the "Government") motion for final default judgment and an order of forfeiture against real property located at 18555 Collins Avenue, Unit 2205, Sunny Isles Beach, Florida 33160 (the "Asset"). [D.E. 103]. No response was filed in opposition to the motion and the time to do so has now passed. Therefore, the Government's motion is now ripe for disposition. After careful consideration of the motion, relevant authorities, and the record presented, the Government's motion for final default judgment and an order of forfeiture should be **GRANTED**.[1]

---

[1] On May 10, 2021, the Honorable Kathleen Williams referred the Government's motion to the undersigned Magistrate Judge for disposition. [D.E. 104].

1

## I. APPLICABLE PRINCIPLES AND LAW

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend a case as required under the Federal Rules of Civil Procedure and that fact is made by affidavit or otherwise, the Clerk of Court enters default judgment. Fed. R. Civ. P. 55(a). However, the mere entry of a Clerk's default does not necessarily warrant the entry of final default judgment. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[2] Rather, the Court must find that there is a sufficient basis in the pleadings for judgment to be entered. *Id.*; *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). A default judgment has the effect of establishing as fact a plaintiff's well-pled allegations, and bars the defendant from contesting those facts on appeal. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206). Although the Court must accept well-pled facts as true, there is no requirement to accept a plaintiff's legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Supplemental Rule G governs civil forfeiture actions arising *in rem* from a federal statute, and courts must evaluate the sufficiency of a forfeiture complaint under that rule. *See* 18 U.S.C. § 983(a)(3)(A); Supp. R. G. (1). This rule requires the

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

United States to file a verified complaint that (1) states the grounds for jurisdiction and venue, (2) describes the property sought to be forfeited, (3) states the location of any tangible property, (4) identifies the statutory basis for forfeiture, and (5) includes sufficient factual detail to support a reasonable belief that the United States will be able to meet its burden of proof at trial. Supp. R. G(2). To execute process on real property, the United States must file a complaint for forfeiture, post a notice of the complaint on the property, and serve notice and a copy of the complaint on the property owner. Supp. R. G(3)(a); 18 U.S.C. § 985. The United States must also publish notice of the forfeiture action, Supp. R. G(4)(a)(ii), with the most common means being notice on an official government forfeiture website for at least 30 consecutive days. *Id.* at G(4)(a)(iv)(C).

The United States must also send direct notice of the forfeiture action and a copy of the complaint to known potential claimants. *Id.* at G(4)(b). The notice must include, among other things, a deadline for filing a claim at least 35 days after the notice is sent and an answer or Rule 12 motion must be filed no later than 21 days after filing a claim. *Id.* The notice must be sent by means reasonably calculated to reach the potential claimant and may be sent to an attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case. *Id.* A potential claimant who has actual notice of a forfeiture action may not contest the forfeiture based on the Government's failure to send the required notice. *Id.*

Generally, a person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. *Id.* at G(5)(a). The claim must identify, *inter alia*, the claimant's interest in the property and be signed by the claimant under penalty of perjury. *Id.* A claimant must also serve and file an answer to the Government's complaint or a Rule 12 motion within 21 days of filing a claim. *Id.* at G(5)(b). Once the time for filing claims has expired, the district court may enter a default judgment against all potential claimants who did not file claims. *See United States v. Real Prop. Known & Numbered as 2621 Bradford Drive, Middletown, Butler Cty., Ohio*, 2008 WL 630601, at *4 (S.D. Ohio Mar. 7, 2008) (granting default judgment as to all persons to whom Government sent notice but who did not file claims, and as to all other persons or entities who might have an interest in the property but did not file claims); *United States v. Commodity Account at Saul Stone & Co.,* 1999 WL 91910 (N.D. Ill. Feb. 11, 1999), *aff'd,* 219 F.3d 595 (7th Cir. 2000) (once notice has been published and time for filing claims has expired, court may enter default judgment against all potential claimants who did not file claims).

## II. ANALYSIS

The Government filed this action on October 15, 2019 [D.E. 1] seeking, among other things, the forfeiture of assets *in rem* pursuant to 18 U.S.C. § 981(a)(1)(A), (C), and the procedures set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedure. The Government now seeks final default judgment

because it has complied with all procedural requirements and there are no pending claims or answers in defense of this action. Specifically, the Government says that all claims have been withdrawn and that the time to file any additional claims has long since passed. To determine if the Government is entitled to the relief sought, we must consider three questions before entering final default judgment: (1) whether the Court has subject-matter jurisdiction over this case, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (courts have obligation to ensure subject-matter jurisdiction), (2) whether the Government properly effectuated service of process, *see Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982) (improper service renders judgment void), and (3) whether the well-pleaded factual allegations state a claim where relief may be granted. *See Nishimatsu*, 515 F.2d at 1206. We consider each in turn.

### A. *<u>Whether the Court has Jurisdiction</u>*

The first question is whether the Court has jurisdiction. A district court has original jurisdiction over civil cases by the United States, 28 U.S.C. § 1345, and in forfeiture actions, 28 U.S.C. § 1355. A forfeiture action may also be brought in a district where any of the acts or omissions giving rise to the forfeiture occurred. *See* 28 U.S.C. § 1355(b)(1)(A). There are unrebutted allegations here that the Asset is in Sunny Isles Beach, Florida and that many individuals engaged in an intricate money laundering conspiracy to bribe foreign officials, conceal transactions, and to engage in other unlawful activities. Because the United States is a plaintiff in a forfeiture action arising from acts or omissions that occurred in this district, the

Court has subject-matter jurisdiction over this case and *in rem* jurisdiction over the Asset.

### B. *Whether the Government Served Process and Notice*

The next question is whether the Government has complied with the Supplemental Rules in effectuating service on potential claimants and providing notice of this proceeding. Supplemental Rule G(3)(a) states that, if a defendant is real property, the United States must comply with the requirements under 18 U.S.C. § 985. This statute requires that the Government initiate a civil forfeiture action against real property by filing a complaint for forfeiture, posting a notice of the complaint on the property, and serving notice on the property owner, along with a copy of the complaint. *See* 18 U.S.C. § 985(c)(1).

The Government has complied with these requirements because it filed a complaint on October 15, 2019 [D.E. 1], posted notice of this action on an official internet government website for at least 30 consecutive days[3] [D.E. 44], posted notice on the outside of the Asset [D.E. 22], and sent direct notice along with a copy of the complaint to potential claimants. These notices informed potential claimants of the obligation to file any claims within a specific time period and parties responded shortly thereafter.

Based on these efforts, the Court finds that the Government's complaint complies with Supplemental Rule G because (1) Agent Alan Vega of Homeland Security verified the allegations of the pleading under penalty of perjury, [D.E. 1 at

---

[3] The publication on the Government's website ran from November 7, 2019 to December 6, 2019 as required under Rule G(4)(a)(iv)(C) of the Supplemental Rules.

6

25]; (2) the complaint states the grounds for jurisdiction and venue, *id.* at ¶¶ 2–4; (3) the pleading provides a legal description of the properties, *id.* at ¶¶ 1, 71; (4); the complaint states the statutory basis for the action; and, as discussed in greater detail below, (5) it sets forth sufficient facts to support a reasonable belief that the Government will meet its burden of proof at trial.  Thus, based on this record, the Government has complied with the process and notice requirements under the Supplemental Rules.

   C. ***Whether the Government is Entitled to Final Default Judgment***

The final question looks the merits of the complaint and asks whether the Government is entitled to final default judgment.  Section 981 subjects to forfeiture any real property derived from proceeds traceable to an offense constituting "specified unlawful activity," with these terms defined under 18 U.S.C. § 1956(c)(7).  Section 981 allows, for example, the forfeiture of any real property involved in a transaction or attempted transaction that derives from wire fraud in an amount greater than $10,000.  *See* 18 U.S.C. § 981(a)(1)(A); 18 U.S.C. § 1957.  Whatever the "specified unlawful activity" that applies, the Government must establish by a preponderance of the evidence that the property is subject to forfeiture.  *See* 18 U.S.C. § 983(c)(1).

The Government argues that final default judgment should be entered here because – since serving all potential claimants with notice and process of this forfeiture action – all parties have now withdrawn their respective claims.  [D.E. 45, 86-87, 98, 100].  The Government also says that the Court ordered the interlocutory

7

sale of the Asset on February 24, 2020 [D.E. 57] and that this was needed to preserve the value of the Asset with the proceeds held as a substitute for the property.[4] *See* Supp. R. G(7)(b)(iv) ("Sale proceeds are a substitute *res* subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action."). Thus, given that the Clerk of Court entered default on May 6, 2021 and there are no pending claims in opposition to the proceeds of the Asset sale, the Government concludes that the motion should be granted in all respects. [D.E. 102].

While the Government's motion is well taken thus far, it falls short, in some respects, because it never explains how the well-pleaded factual allegations support a reasonable belief that the Asset was bought with proceeds of unlawful activity. The Government only states that there is a lack of opposition to the motion presented. That does not, however, entitle the Government to final default judgment or a forfeiture order. Instead, the Government must explain how the factual allegations, when taken as true, subject the Asset to forfeiture. Yet, the Government failed to provide this explanation and the Court is under no obligation to do the work that the Government should have done in the first place. *See, e.g., Estate of Faull v. McAfee*, 2016 WL 11234452, at *2 (M.D. Fla. Nov. 15, 2016), *Report and Recommendation adopted*, 2017 WL 117312 (M.D. Fla. Jan. 12, 2017) ("I ordered that the memorandum of legal authority

---

[4] Homeland Security Investigations sold the Asset for $3.2 million dollars.

must explain the basis for relying on Florida tort law, the basis for the Court's exercise of personal jurisdiction in this case, and the factual and legal basis for Plaintiff's assertion that service of the second amended complaint was not required because it raised no new or additional claim.").

However, despite this shortcoming, the Government's misstep is not fatal because the Asset is obviously subject to forfeiture because several individuals engaged in an elaborate money laundering scheme to bribe foreign officials, to purchase the Asset with illicit funds, and to use the property as payment for other money laundering services:

> In subsequent communications, including a recorded phone call on or about May 17, 2016, Urdaneta informed the CS that Urdaneta had paid a significant deposit for Unit 2205 at the Porsche Design Tower, which is located at 18555 Collins Avenue, Sunny Isles Beach, Florida 33160. Urdaneta discussed titling Unit 2205 in the name of a company to conceal Urdaneta's interest, and transferring the property to Amparan as a fee for Amparan's laundering services.

[D.E. 1 at ¶ 71]. And it is also well-settled in the Eleventh Circuit that "[p]roperty eligible for forfeiture 'includes that money or property which was actually laundered ('the corpus'), along with 'any commissions or fees paid to the launderer and any property used to facilitate the laundering offense.'" *United States v. Waked Hatum*, 969 F.3d 1156, 1162 (11th Cir. 2020) (quoting *United States v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009)).

This arms the Government with all the ammunition it needs because, given the six counts included in the complaint, each provides an independent statutory basis for forfeiting the proceeds of this Asset. Therefore, pursuant to Fed. R. Civ. P.

55(b)(2), the Government's motion for final default judgment should be **GRANTED** as to the resulting net sale proceeds from the interlocutory sale of the Asset and against all other persons for failure to timely plead, answer, or otherwise defend this case. *See, e.g., United States v. $14,050.00 in U.S. Currency*, 2015 WL 4394411, at *2 (N.D. Ala. July 16, 2015) ("By not filing a claim to the Defendant Currency and an answer within the prescribed time limits, all potential claimants, including Demarcus Toney and Corshunda Moore, have abandoned any claim they might have had to the Defendant Currency.").

## IV. CONCLUSION

For the foregoing reasons, the Government's motion for final default judgment [D.E. s103] should be **GRANTED**. The net proceeds from the interlocutory sale of the Asset should be forfeited to the Government and any duly authorized law enforcement official may seize, take possession, and dispose of these proceeds as required by law. The Court should retain jurisdiction for the purpose of enforcing a forfeiture order.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir.

Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

      **DONE AND SUBMITTED** in Chambers at Miami, Florida, this 25th day of May, 2021.

                                            /s/ *Edwin G. Torres*
                                            EDWIN G. TORRES
                                            United States Magistrate Judge