UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-24249-KMW/EGT

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ONE 1999 135-FOOT BAGLIETTO YACHT,
KNOWN AS M/Y BLUE ICE, OFFICIAL
NUMBER 40146 REGISTERED IN ST.
VINCENT AND THE GRENADINES, IN
CURACAO,

        Defendant *In Rem*.

_____/

**UNITED STATES' MOTION TO STRIKE MTGP135 LTD**

Pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), Plaintiff, the United States of America (the "United States" or "Government"), files this motion to strike MTGP135 LTD for failing to answer served special interrogatories as required by Rule G(6), and for lack of standing.   In support of its motion, the United States submits the following factual and legal bases.

    I.     **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

In October 2019, the United States filed the above-captioned civil forfeiture action (the "Civil Forfeiture Case") against certain Defendant assets, including one 1999 135-foot Baglietto yacht, official number 40145 registered in St. Vincent and the Grenadines (the "M/Y Blue Ice" or "Defendant Yacht"), that had been restrained in the parallel criminal case indicted in 2018, *United States v. Convit Guruceaga, et al.*, Case No. 18-CR-20685-KMW/EGT (S.D. Fla.) (the "Parallel Criminal Case").   In both the Civil Forfeiture Case and the Parallel Criminal Case, the United

States sought the forfeiture of the M/Y Blue Ice as property involved in, and traceable to, a conspiracy that laundered foreign corruption and bribery proceeds derived from a billion-dollar loan scheme, in which co-conspirators exploited favorable foreign-exchange rates available to Venezuela's state-owned oil company, Petroleos de Venezuela, S.A.  *See also attached* Exhibit A (First Set of Special Interrogatories, with Second Protective Order for Asset Subject to Forfeiture, at pp. 8-10 of Exhibit A, also filed at ECF No. 126 in the Parallel Criminal Case, unsealed on October 30, 2019).

In January 2020, in accordance with Rule G(4)(b) of the Supplemental Rules, the Government sent, via FedEx and e-mail, direct notice of the Civil Forfeiture Case and a copy of the complaint to Raul Gorrin ("Gorrin"), care of his counsel.  *See attached* Exhibit B (Direct Notice Letter and FedEx Confirmation); 1/15/2020 E-mail correspondence (on file with undersigned counsel).  The notice informed Gorrin of the obligation to file a verified claim in the Civil Forfeiture Case within at least 35 days after notice is sent.  *See id*.

From February to November 2020, Gorrin's counsel requested, and the Government agreed to, extensions of the deadline to file a claim to the M/Y Blue Ice.  *See, e.g.,* 2/18-2/19/2020, 3/16-3/17/2020, 4/17/2020, 8/24-8/27/2020, 10/8-10/9/2020, 11/10-11/18/2020 E-mail correspondence (on file with undersigned counsel).  These extensions were in part to allow counsel to obtain an Office of Foreign Assets Control ("OFAC") license to litigate the forfeiture of the M/Y Blue Ice. *See id.*  Gorrin is a Specially Designated National ("SDN") subject to OFAC sanctions.  *See id.* Gorrin is also a defendant in another criminal money laundering case pending before the Court, which was referred to fugitive status in 2018.  *See United States v. Gorrin Belisario et al*, Case No. 18-CR-80160-WPD(s) (S.D. Fla.).

In December 2020, MTGP135 LTD, represented by the same counsel for Gorrin, intervened in the Civil Forfeiture Case and claimed, under penalty of perjury, to be the "100% owner" of the M/Y Blue Ice.  *See* MTGP135 LTD's Verified Claim, ECF No. 93 (Dec. 31, 2020). Pursuant to Rule G(5) of the Supplemental Rules, a claimant must file an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days after filing the claim.  Supp. R. G(5)(b).

In February 2021, after an extension of the answer deadline was granted, MTGP135 LTD filed a Motion To Dismiss, requesting dismissal "for lack of jurisdiction, insufficient pleading, and failure to state a claim."  *See* MTGP135's Motion To Dismiss 1, ECF No. 96 (Feb. 1, 2021); *see also* MTGP135 LTD's Unopp. Motion for Extension (Jan. 21, 2021), ECF No. 94; Order, ECF No. 95.  Attached to MTGP135 LTD's Motion To Dismiss were three exhibits: (1) a letter indicating that the vessel was being offered at auction in Curacao as a result of maintenance and other liens that had accrued; (2) a Spanish version of an uncertified Venezuelan document; and (3) an English translation of that document.  The proffered Venezuelan document purports to dismiss a Venezuelan case against Gorrin, Gustavo Perdomo ("Perdomo"), and others related to the same loan-contract scheme alleged in the Civil Forfeiture Case and the Parallel Criminal Case.  *See* ECF Nos. 96-1; ECF No. 96-2; 96-3.  Based upon the document, MTGP135 LTD asserted in its Motion To Dismiss that "the Venezuelan government has vouched for the validity of [the loan's] terms.  Plaintiff is thus asking this Court to overrule the judgment of a sovereign government, based upon the allegations of the Complaint." MTGP135's Motion To Dismiss 17-18.

The United States disputes the proffered bases for MTGP135 LTD's Motion To Dismiss. Significantly, based on the same facts underlying the Civil Forfeiture Case, three defendants have been convicted in the Parallel Criminal Case on money laundering charges.  *See* Parallel Criminal

3

Case (Judgment, ECF No. 392 (Gustavo Adolfo Hernandez Frieri);[1] Judgment, ECF No. 405 (Abraham Edgardo Ortega); Minute Entry for Change of Plea, ECF No. 445 (Carmelo Antonio Urdaneta Aqui)).  Furthermore, the Venezuelan judiciary has been publicly criticized for its lack of independence and "significant role" in repression.  *See* "Venezuelan justice system plays a significant role in the State's repression of government opponents," Sept. 16, 2021, United Nations Office of the High Commissioner for Human Rights, available at https://www.ohchr.org/EN/NewsEvents/Pages/DisplayNews.aspx?NewsID=27479&LangID=E (last accessed on Oct. 1, 2021).

On February 9, 2021, the United States served special interrogatories on MTGP135 LTD, making responses initially due on March 9, 2021.  *See* Notice of Service of Special Interrogatories, ECF No. 97; Exhibit A; *see also* Supp. R. G(6)(b).  Pursuant to Rule G(6) of the Supplemental Rules, answers to the special interrogatories were due within 21 days of service, and "the government need not respond to a claimant's motion to dismiss under Rule G(8)(b) until 21 days after the claimant has answered these interrogatories."  Supp. R. G(6)(c).

Counsel for MTGP135 LTD requested a 30-day extension to comply with the discovery request, to which the United States agreed, and the deadline was extended to April 9, 2021.  *See* 3/9-3/10/2021 E-mail correspondence (on file with undersigned counsel).  On April 9, 2021, counsel for MTGP135 LTD requested a second 30-day extension (until May 9, 2021), and the United States asked for further explanation on the basis for the extension in order to confirm its agreement.  *See* 4/9-4/11/2021 E-mail correspondence (on file with undersigned counsel).

---

[1] Counsel for MTGP135 LTD is also defense counsel for defendant Gustavo Adolfo Hernandez Frieri in the Parallel Criminal Case.

To date, MTGP135 LTD has not produced special interrogatory answers. *See* U.S. Status Report, ECF No. 107.

On September 23, 2021, in compliance with the Court's Order, the United States informed the Court that MTGP135 LTD had not responded to the Government's special interrogatories. *See* U.S. Status Report; *see also* Order, ECF No. 106. The United States also indicated that it would provide an additional update to the Court by today, October 1, 2021. *See* U.S. Status Report 2.

On September 29, 2021, in light of MTGP135 LTD's failure to answer the Government's special interrogatories, the Court denied without prejudice MTGP135 LTD's Motion To Dismiss, permitting it to renew its request for dismissal if it answers the Government's special interrogatories within 14 days. Order, ECF No. 108.

## II. ARGUMENT

The Court should strike MTGP135 LTD's Verified Claim for the same reason it has already denied its Motion To Dismiss: for failing to answer the Government's special interrogatories. *See* Supp. R. G(8)(c)(i)(A); Order, ECF No. 108 (denying MTGP135 LTD's Motion To Dismiss because it has not produced special interrogatory answers). Pursuant to Rule G(6) of the Supplemental Rules, "[a]nswers or objections to [special] interrogatories must be served **within 21 days** after the interrogatories are served." Supp. R. G(6)(b) (bold emphasis added). Failure to comply with Rule G(6) is a basis for striking a claim in a civil forfeiture action pursuant to Rule G(8)(c)(i)(A). In full, Rule G(8)(c) provides:

   (c) *Motion To Strike a Claim or Answer.*
     (i) At any time before trial, the government may move to strike a claim or answer:
       (A) for failing to comply with Rule G(5) or (6), or
       (B) because the claimant lacks standing.
     (ii) The motion:
       (A) must be decided before any motion by the claimant to dismiss the action; and

> (B) may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence.

Supp. R. G(8)(c).

Here, on February 9, 2021, the United States propounded special interrogatories to probe the identity of MTGP135 LTD and its relationship to the Defendant Yacht, questioning its ownership interest in the M/Y Blue Ice, care and maintenance of the vessel, and relationship to Perdomo and Gorrin. *See* Exhibit A (First Set of Special Interrogatories). Answers to these special interrogatories directly bear on MTGP135 LTD's standing to proceed in the Civil Forfeiture Case. *See United States v. $133,420.00 in U.S. Currency,* 672 F.3d 629, 642 (9th Cir. 2012) ("The issue of standing is subject to adversarial testing under Supplemental Rule G(6)(a), which gives the government the right to question the claimant regarding 'the claimant's identity and relationship to the defendant property,' and to 'gather information that bears on the claimant's standing,' *id.* advisory committee's note (subdivision (6))."); *United States v. $104,250.00 in U.S. Currency*, 947 F. Supp. 2d 560, 563 (D. Md. 2013) ("Indeed, the drafters of Rule G(6) intended the special interrogatories to provide an efficient means of testing the truthfulness of the Claimant's claim to have a real interest in the defendant property.").

The initial deadline for MTGP135 LTD to produce interrogatory answers to the United States was March 9, 2021. Even if both of its requested extensions are considered (extending its response deadline to May 9, 2021), MTGP135 LTD's interrogatory answers are now more than four months ago overdue. In its recent Order, the Court offered that MTGP135 LTD may renew its denied Motion To Dismiss if it answered the Government's special interrogatories by October 13, 2021. *See* Order, ECF No. 108 (providing 14 days from the date of the Order, which was September 29, 2021). If MTGP135 LTD again fails to answer, the Court should not only preclude

it from renewing its Motion To Dismiss, but also strike its Verified Claim for failing to comply with Rule G(6).  *See also United States v. 2008 33' Contender Model Tournament Vessel*, 990 F.3d 725, 727 (1st Cir. 2021) (upholding district court's striking of claim filed by purported vessel owners when claimants failed to meet a Court-extended deadline to answer special interrogatories).

MTGP135 LTD's failure to answer special interrogatories over the last several months underscores a larger issue with its Verified Claim.  It lacks standing to proceed in this litigation, and the Court should strike MTGP135 LTD's Verified Claim for that reason as well.  Supp. R. G(8)(c)(i)(B).  "Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims."  *United States v. $144,031.00 in U.S. Currency*, 284 F. App'x 754, 755 (11th Cir. 2008) (quoting *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)) (internal quotations omitted).  A putative claimant that intervenes in a civil forfeiture action bears the threshold burden of establishing both Article III and statutory standing with respect to each claimed defendant property.  *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987); *see also United States v. ADT Sec. Servs., Inc.*, 522 F. App'x 480, 489 (11th Cir. 2013).

In its Verified Claim, MTGP135 LTD purported being the "100% owner" of the Defendant Yacht.  *See* Verified Claim, ECF No. 93.  The M/Y Blue Ice was sold in 2021,[2] undermining any assertion of constitutional or statutory standing based on purported ownership.  Status Report 2, ECF No. 106.  Because of the sale, MTGP135 LTD is no longer even the nominal title owner of the M/Y Blue Ice.  *See United States v. One 1990 Beechcraft 1900 C Twin Engine Turbo-Prop*

---

[2] On or about April 23, 2021, the M/Y Blue Ice was sold for approximately $2.5 million to a Florida-registered, Delaware limited liability company.  At the time of the sale, the M/Y Blue Ice had negative net equity.  There were liens totaling more than $4 million against the M/Y Blue Ice, and the sale proceeds were used to satisfy those liens.

*Aircraft*, 659 F. Supp. 2d 1260, 1267 (S.D. Fla. 2009) ("Bare legal title by one who does not exercise dominion or control over the property is insufficient to establish standing to challenge a forfeiture."), *aff'd sub nom.*, 619 F.3d 1275 (11th Cir. 2010); *United States v. Tardon*, 493 F. Supp. 3d 1188, 1208 (S.D. Fla. 2020) ("Bare legal title, however, 'in the absence of assertions of dominion, control or some other indicia of ownership of or interest in the seized property, is insufficient to confer standing to challenge a forfeiture.'") (quoting, in part, *United States v. Coffman*, 612 F. App'x 278, 286 (6th Cir. 2015)).

The United States is confirming that the sale of the M/Y Blue Ice has resulted in the Defendant Yacht no longer being beneficially owned or controlled by a co-conspirator of the alleged money laundering conspiracy, or a criminal defendant who has yet to face charges before this Court.[3]   Accordingly, should the Court strike MTGP135 LTD, the United States anticipates filing a notice of voluntary dismissal with respect to the M/Y Blue Ice, pursuant to Rule 41 of the Federal Rules of Civil Procedure.[4]

---

[3] The M/Y Blue Ice is currently located in Fort Lauderdale, Florida, and copies of the Verified Complaint for Forfeiture *in Rem*, ECF No. 1, and the Parallel Criminal Case's Second Protective Order for Asset Subject to Forfeiture (*see* Exhibit A, at pp. 8-10) have been left at its address.

[4] Rule 41 provides that voluntarily dismissal is available when:

> (1) *By the Plaintiff.*
>     (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>         (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>         (ii) a stipulation of dismissal signed by all parties who have appeared.
>     (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
> (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court grant its Motion To Strike MTGP135 LTD.

                Respectfully submitted,

                JUAN ANTONIO GONZALEZ
                ACTING UNITED STATES ATTORNEY

    By:  *s/ Nalina Sombuntham*
        Nalina Sombuntham
        Assistant United States Attorney
        Fla. Bar No. 96139
        99 N.E. 4th Street, 7th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9224
        Facsimile: (305) 530-6166
        nalina.sombuntham@usdoj.gov

---

with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).