UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-24249-Civ-WILLIAMS/TORRES

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

ONE 1999 135-FOOT BAGLIETTO YACHT,
KNOWN AS M/Y BLUE ICE, OFFICIAL
NUMBER 40146 REGISTERED IN
ST. VICENT AND THE GRENADINES,
IN CURACAO, et al.,

    *Defendants*.

_____/

**REPORT AND RECOMMENDATION ON
THE GOVERNMENT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter is before the Court on the Government's motion for judgment on the pleadings. [D.E. 137]. The Honorable Kathleen M. Williams referred this motion to the Undersigned Magistrate for a report and recommendation. [D.E. 141]. The motion is fully briefed and therefore ripe for disposition. [D.E. 139, 140]. Having considered the briefing and the relevant authorities, and otherwise being fully advised in the premises, the Court finds that the Government's motion should be **GRANTED** and therefore the claim for the Defendant *res* filed by MTGP135 Ltd., [D.E. 93], should be **STRICKEN** for lack of standing.

1

## *I.   BACKGROUND*

The *Blue Ice* is a 135-foot motor yacht that was built in Italy in 1999.[1]  It can accommodate nine guests and eight crewmembers for as long as it takes to consume 40,000 liters of fuel and 6,000 liters of water.  It is equipped with an on-board gymnasium and space to store a runabout, a dinghy, and a jet ski.  And, for only six million dollars, it could be yours – so long as you accept the fact that the *Blue Ice* is currently named as a Defendant in this civil forfeiture action.

This case arose in relation to an unlawful conspiracy involving the exchange of Venezuelan currency.  In short summary, proceeds from the illegal enterprise were allegedly used to purchase the *Blue Ice* in December 2015.  It was at that time when Claimant MTGP135 entered the picture, having acquired title to the *Blue Ice* with the assistance of allegedly ill-gotten gains.

As the Venezuelan currency scheme unraveled, the Government sought the seizure of associated assets – cash, condos, furniture, etc. – pursuant to the federal civil forfeiture statutes.  *See* 18 U.S.C. §§ 981, *et seq*.  Accordingly, in October 2019, the Government named the *Blue Ice* as a Defendant *res* in the complaint that initiated this action.

Roughly two months later, in December 2019, MTGP135 filed a verified claim for the *Blue Ice* and therein attested that it was sole owner of the vessel.  A little more than a year after that, however, a court in Curaçao put the status of MTGP135's

---

[1]   The technical information regarding the Blue Ice is derived from an online advertisement for its sale. *See* SUPERYACHT TIMES, https://www.superyachttimes.com/yachts/blue-ice (last visited Feb. 21, 2023).

2

ownership into doubt because a company from Curaçao obtained a judgment against MTGP135 and therefore moved to sell the *Blue Ice* to satisfy MTGP135's debt.

The court in Curaçao granted the judgment creditor's request and, in April 2021, sold the *Blue Ice* to Cristobal3 – a Delaware limited liability company. Cristobal3 subsequently filed its verified claim for the *Blue Ice* in November 2021, relying upon its purchase at the Curaçao judicial sale to claim ownership of the vessel.

Against the backdrop of these competing claims, the Government moved to strike MTGP135's claim from the case because MTGP135 did not own the *Blue Ice* and therefore did not have standing to file a claim. This Court denied the motion, finding in relevant part that MTGP135's claim should not be stricken from the case because the judicial sale in April 2021 *may* have been void due to Cristobal3's apparent failure to acquire the required license from the Office of Foreign Assets Control ("OFAC").

But now the Government has submitted on the Court record a copy of the license from OFAC, which retroactively authorizes the purchase of the *Blue Ice* by Cristobal3 in April 2021. And so, the Government has again challenged MTGP135's standing to file a claim in this action. For the following reasons, this time we agree with the Government that, in light of Cristobal3's retroactive OFAC license, MTGP135 no longer has a colorable interest in the *Blue Ice* and therefore lacks standing to litigate its claim.

## II.     ANALYSIS

Federal Rule of Civil Procedure 12(c) permits the parties to move for judgment on the pleadings. And when a party moves for judgment on the pleadings based on a lack of subject matter jurisdiction, the standards under Federal Rule of Civil Procedure 12(b)(1) apply. *See, e.g.,* 5C Charles A. Wright et al, *Federal Practice & Civil Procedure* § 1367 (3d ed. 2004) ("[I]f a party raises an issue as to the court's subject matter jurisdiction on a motion for judgment on the pleadings, the district judge will treat the motion as if it had brought under Rule 12(b)(1)."); *Keseler v. O'Neal*, No. 00-cv-393, 2000 WL 1728340, at *1 n. 1 (M.D. Fla. Oct. 3, 2000) ("Although this matter is presently before the Court upon a Rule 12(c) motion, the Court will apply the same standards for granting the appropriate relief as it would have employed had the motion been brought under Rule 12(b)(1)."). The burden of showing the existence of federal jurisdiction is on the party asserting jurisdiction. *Viqueira v. First Bank*, 140 F.3d at 12, 16 (1st Cir. 1998).

Attacks on subject matter jurisdiction can be either "facial" or "factual." *Makro Cap. of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008). A "facial attack" on the complaint asks the Court to determine whether the plaintiff has alleged a basis for subject matter jurisdiction and takes the allegations in the complaint as true for the purposes of the motion. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008). On the other hand, a "factual attack" challenges subject matter jurisdiction in fact, irrespective of the pleadings. *Makro*, 543 F.3d at 1258. In resolving a factual attack, the district court may consider extrinsic evidence

such as testimony and affidavits. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003). Because a factual attack implicates the fundamental question of a trial court's jurisdiction, a "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" without presuming the truthfulness of the non-movant's allegations. *Id*.

Here, the Government lodges a factual attack on MTGP135's standing because, in light of Cristobal3's retroactive OFAC license, MTGP135 no longer has a colorable ownership interest in the *Blue Ice*. As we discussed the last time that the Government moved to strike MTGP135's claim, MTGP135 has the burden of proving that it has both Article III standing and statutory standing. [D.E. 127 at 12-15]. At the pleading stage, this requires MTGP135 to allege that it has a "colorable interest" in the *Blue Ice*. *Id*.

We previously concluded that, because Cristobal3 purportedly lacked the required OFAC license to purchase the *Blue Ice* in April 2021, MTGP135 sufficiently alleged a "colorable interest" in the vessel because that judicial sale in Curaçao may have been void. *Id*. But now the record before the Court on the present motion indisputably shows that OFAC licensed Cristobal3's purchase of the *Blue Ice* at the Curaçao judicial sale in April 2021. [D.E. 137-5]. Accordingly, MTGP135's "colorable interest" in the vessel has evaporated because it is no longer plausible. We must therefore reverse course from our previous decision and hold that MTGP135 lacks standing to litigate its claim to the *Blue Ice* in this case. Thus, MTGP135's claim should be Stricken.

5

MTGP135 advances a handful of arguments against our consideration of the retroactive OFAC license and the Government's attempt to relitigate what the Court recently resolved.  None of these arguments are persuasive.  It is entirely proper for the Court to consider the retroactive OFAC license while resolving a motion for judgment on the pleadings even if that license is not attached to a pleading.  To reiterate, factual challenges to the Court's subject matter jurisdiction open the door to the consideration of such evidence.  *See, e.g., United States v. Approx. $13,205.54 in U.S. Currency*, No. 19-cv-00007, 2020 WL 974897, at *2 (W.D.N.C. Feb. 28, 2020) ("If, however, the defendant makes a factual attack by contending that the jurisdictional allegations contained in the complaint are false, the Court may go beyond the allegations of the complaint and in order to determine if the facts support the Court's exercise of jurisdiction over the dispute.").

Similarly, the Government also does not need to meet the more stringent standards applicable to a motion for reconsideration when challenging the Court's subject matter jurisdiction because challenges to subject matter jurisdiction may be raised at any time.  FED. R. CIV. P. 12(h)(3).  And that is particularly true with respect to standing.  "[T]he proof required to establish standing increases as the suit proceeds." *Davis v. FEC*, 554 U.S. 724, 734 (2008).  So even if a facial challenge on the pleadings was rejected, a factual challenge requires production and consideration of specific evidence to establish standing that may garner a very different result. *See Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

Hence, as a case develops over time, a court may be presented with evidence or a change of circumstances that undermine an earlier jurisdictional finding. *See, e.g., Flynn v. FCA US LLC*, 39 F.4th 946, 953 (7th Cir. 2022) (affirming second order granting dismissal on standing grounds that was raised as a factual challenge after first order denied only on facial grounds; "Holding that the denial of a facial challenge to standing precludes a later factual challenge to standing would contradict the Supreme Court's instruction that 'the proof required to establish standing increases as the suit proceeds.'"); *Robins v. Spokeo, Inc.,* 742 F.3d 409, 411 (9th Cir. 2014) (district court first denied a motion to dismiss for lack of standing and then granted a second motion that was affirmed on appeal, notwithstanding argument that law of the case principles precluded entry of second dismissal order), *remanded on other grounds,* 136 S. Ct. 1540 (2016); *cf. Saqui v. Pride Cent. America, LLC,* 595 F.3d 206, 201–211 (5th Cir. 2010) (district court denied a motion to dismiss on forum non conveniens grounds but later granted a renewed motion to dismiss based on additional evidence that was then affirmed on appeal); *see generally* 18B Charles Alan Wright, *et al, Federal Practice And Procedure* § 4478.5 (3d ed. 2019) ("a federal court's ongoing obligation to assure itself of its jurisdiction means that revisiting such matters is almost always on the table.").

But even if a more stringent standard applied here, one well recognized ground for reconsideration is the availability of new evidence that was not available at the time of the earlier disposition. *See, e.g., Instituto de Prevision Militar v. Lehman Bros.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007); *Abreu v. Pfizer, Inc.*, No. 21-62122-

7

CIV, 2022 WL 2352443, at *4 (S.D. Fla. June 22, 2022), *report and recommendation adopted,* No. 21-62122-CIV, 2022 WL 3372104 (S.D. Fla. Aug. 16, 2022) (citing *Bell v. LNU*, No. CV-118-071, 2019 WL 1061679, at *2 (S.D. Ga. Mar. 6, 2019) ("New evidence warrants reconsideration only when it was previously unavailable.")). The retroactive OFAC license was not referenced in the pleadings or presented for the Court's consideration until *after* the original motion was adjudicated. Because this new evidence undermines continuing standing to prosecute MTGP135's claim, that evidence warrants reconsideration based upon the further-developed record that can be assessed on the pending motion especially where a party's standing is concerned.

Turning to the other argument raised in opposition to the motion, and contrary to MTGP135's assertion, OFAC is indeed authorized to (and does regularly in fact) grant retroactive licenses. *See* 31 C.F.R. § 591.202(c); [D.E. 137-5]. So even if OFAC did not previously confer Cristobal3 a license for the *Blue Ice*, or alternatively granted a license only to a different entity at an earlier point in time, the most recent retroactive license to Cristobal3 is determinative. The motion should thus be Granted given the evidence now before us.

One final note. The only party that has filed a claim in this action and thereby alleges a sufficient interest in the *Blue Ice* is Cristobal3. Because the Government has conceded in its briefing that it is not seeking to forfeit the *Blue Ice* from Cristobal3, we expect that the Government's motion for voluntary dismissal will be

8

forthcoming so that the "cloud of this action" can be removed and Cristobal3 can follow through on its stated intention sell the *Blue Ice* at its full market value.

### III.     CONCLUSION

For the foregoing reasons, the Government's motion for judgment on the pleadings should be **GRANTED** and therefore MTGP135's claim to the Blue Ice should be **STRICKEN** due to lack of standing.

Pursuant to Local Magistrate Rule 4(b) and Federal Rule of Civil Procedure 73, the parties have seven (7) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. If any objections are filed, any responses must be filed seven (7) days thereafter.  Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 23rd day of February, 2023.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
Chief Magistrate Judge